FILED
2022 Mar-11 AM 10:19
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| NICHOLAS GOBLE,<br><br> Claimant,<br><br>vs.<br><br>KILOLO KIJAKAZI, Acting Commissioner, Social Security Administration,<br><br> Defendant. | )<br>)<br>)<br>)<br>)<br>)  Case No. 1:21-CV-0149-CLS<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM OPINION AND ORDER

Claimant, Nicholas Goble, commenced this action on January 29, 2021, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner of the Social Security Administration, affirming the decision of the Administrative Law Judge ("ALJ") that denied his claim for a period of disability and disability insurance benefits.

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and whether correct legal standards were applied. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253 (11th Cir. 1983).

Claimant contends that the Commissioner's decision is neither supported by substantial evidence nor in accordance with applicable legal standards. Specifically, claimant contends that the Appeals Council improperly concluded that the additional evidence he submitted after the date of the ALJ's decision failed to show a reasonable probability that the outcome of the decision would be changed.[1]

The ALJ issued a decision denying claimant benefits on August 5, 2020.[2] The ALJ determined that claimant suffered from the severe impairments of "obesity, diabetes mellitus, epilepsy, congestive heart failure, peripheral neuropathy, tachycardia, status-post ORIF [Open Reduction Internal Fixation], left knee meniscus tear."[3] The ALJ found, however, that claimant retained the residual functional capacity to perform light work, with the following limitations:

> he can occasionally lift and/or carry 20 pounds and frequently lift and/or carry 10 pounds. He can stand and/or walk for 6 hours and sit for 6 hours. Pushing and pulling is unlimited. He can never climb ladders, ropes or scaffolds but can occasionally climb ramps or stairs, balance, crawl, crouch, stoop, or kneel. He can have unlimited exposure to extreme cold, heat, wetness, humidity, noise, vibrations, fumes, odors, dusts, poor ventilation or gases. He should avoid concentrated exposure to unprotected heights or bodies of water.

Tr. 25. Accordingly, claimant's claim for disability benefits was denied. *Id.* at 33-

---

[1] Doc. no. 18 (Memorandum in Support of Disability) at 25. Claimant states that three physical capacity evaluations were submitted to the Appeals Council, but the record on appeal contains only the evaluations of Dr. Shubair and Dr. Diethelm.

[2] Tr. 15-34.

[3] Tr. 21 (alteration supplied).

34.

Claimant requested review of the ALJ's decision by the Appeals Council. The request for review was denied on December 16, 2020.[4]

In support of his request for review by the Appeals Council, claimant submitted additional medical records: a physical capacities form completed by Mohammed Shubair, M.D., and dated September 22, 2020;[5] a physical capacities form completed by Richard Diethelm, M.D., and dated October 22, 2020;[6] and treatment records from Alabama Neurology Associates, for the period from December 18, 2013, through March 26, 2014.[7] All of that evidence was submitted for the first time on appeal.

> "With a few exceptions, the claimant is allowed to present new evidence at each stage of this administrative process," including before the Appeals Council. *Ingram v. Comm'r of Soc., Sec. Admin.*, 496 F.3d 1253, 1261 (11th Cir. 2007). The Appeals Council has the discretion not to review the ALJ's denial of benefits. *See* 20 C.F.R. § 416.1470(b). But the Appeals Council "must consider new, material, and chronologically relevant evidence" that the claimant submits. *Ingram*, 496 F.3d at 1261; *see also* 20 C.F.R. §§ 404.970(b), 416.1470(b).

*Washington v. Social Security Administration, Commissioner*, 806 F.3d 1317, 1320 (11th Cir. 2015).

The Appeals Council will review a case if it "receives additional evidence that

---

[4] Tr. 1.
[5] Tr. 14.
[6] Tr. 8.
[7] Tr. 58-73.

3

is new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision." 20 C.F.R. § 416.1470(a)(5).  "[W]hen the Appeals Council erroneously refuses to consider evidence, it commits legal error and remand is appropriate." *Washington,* 806 F.3d at 1321 (alteration supplied, citations omitted); *see also Pupo v. Commissioner, Social Security Administration,* 17 F.4th 1054, 1063 (11th Cir. 2021).

Contrary to claimant's assertion, the Appeals Council did not actually *fail* to consider the newly submitted evidence, but rather considered it and determined that review of the ALJ's decision was not warranted because it was unlikely to change the outcome of the ALJ's decision.

The court finds that the Commissioner's decision is supported by substantial evidence.  The ALJ exhaustively reviewed the medical evidence of record and, with the assistance of the vocational expert, determined that, despite claimant's severe impairments, claimant retained the ability to perform light work, and there are jobs that exist in significant numbers in the national economy that he could perform.

The physical capacities forms submitted to the Appeals Council were unsupported by objective medical findings, so the court cannot conclude that the Appeals Council was unjustified in declining review of the ALJ's decision.

Moreover, the treatment records from Alabama Neurology Associates significantly predate claimant's alleged onset date of disability of July 12, 2018. Thus, the determination of the Appeals Council that those records would not have changed the outcome of the ALJ's decision has support.

Based on the foregoing, the Commissioner's finding that claimant is not disabled was supported by substantial evidence and in accordance with applicable law. Accordingly, the decision of the Commissioner is AFFIRMED. Costs are taxed against claimant. The Clerk of Court is directed to close this file.

DONE this 11th day of March, 2022.

_____
Senior United States District Judge